**[J-85-2025] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 81 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 380 MDA |
| | : | 2023, dated January 8, 2024, |
| v. | : | Affirming and Remanding the |
| | : | Judgment of Sentence of the |
| | : | Dauphin County Court of Common |
| MICHAEL DEAN OSMAN, | : | Pleas, Criminal Division, at |
| | : | No. CP-22-CR-0001818-2020 |
| Appellant | : | dated November 30, 2022 |
| | : | |
| | : | ARGUED: October 8, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                    **DECIDED: July 21, 2026**

I join the Majority's decision in full. I write separately to express my belief that neither the Majority's decision today nor this Court's prior decisions in *A.S. v. Pennsylvania State Police*, 143 A.3d 896 (Pa. 2016) (*A.S. II*), and *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), foreclose the possibility that, where an offender is charged and convicted in a single prosecution of two or more Tier I or Tier II sexual offenses that arose from independent acts of criminal misconduct, such offenses could be classified as a Tier III offense under Section 9799.14(d)(16) of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. § 9799.14(d)(16).[1] In doing so, I

---

[1] Section 9799.14(d)(16) of SORNA provides:

> **(d) Tier III sexual offenses.**--The following offenses, or an attempt, conspiracy or solicitation to commit any of the following offenses, shall be classified as Tier III sexual offenses:

> . . . .

(continued…)

rely primarily on the reasoning set forth in my dissenting opinion in *A.S. v. Pennsylvania State Police*, 87 A.3d 914 (Pa. Cmwlth. 2014) (*A.S. I*), *aff'd*, 143 A.3d 896 (Pa. 2016).

Like the Majority, I acknowledge that SORNA's three-tiered system encompasses a recidivist philosophy. (*See* Majority Op. at 18-19 (quoting *Lutz-Morrison*, 143 A.3d at 895 n.4).) In my mind, however, "[i]t is not unreasonable for the General Assembly to have determined that offenders who are convicted of engaging in two or more acts . . . of criminal misconduct pose a greater risk to public safety than those who engage in a single act of criminal misconduct." *A.S. I*, 87 A.3d at 932-33 (Brobson, J., dissenting). While most of the time "a determination of whether an offender has engaged in multiple acts of criminal misconduct is apparent by the number of convictions," that is not always the case. *Id.* at 933. In those not so clear cases, when discerning whether Section 9799.14(d)(16) of SORNA is applicable, our focus should remain on "the criminal action of the offender that makes the offender a risk to the public, not the statutes themselves." *Id.*

Such an approach aligns with the "recidivist philosophy" of SORNA but also ensures that an offender will not take advantage of a "volume discount" solely because his/her multiple convictions arose out of a single prosecution. Indeed, on the one hand, "an offender who commits a single act of criminal misconduct that happens to be chargeable as two predicate offenses . . . poses no greater risk to the public simply because he pled guilty to the two charges." *Id.* On the other hand, an offender who commits two or more acts of criminal misconduct that are charged in a single criminal information and result in a single prosecution *does* pose a greater risk to the public. I do not believe that the General Assembly intended "to place the form of charging decisions and plea agreements above the substance" of an offender's acts of criminal misconduct.

---

(16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa. C.S. § 9799.14(d)(16).

*Id.* Such an interpretation would be unreasonable and absurd because no public safety purpose or recidivist philosophy is served by a scheme that would subject two offenders, who engage in two or more independent acts of criminal misconduct, to disparate sexual offender registration requirements simply because the prosecutor chose to separately charge and prosecute each of one offender's criminal charges but jointly charge and prosecute the other offender's criminal charges.

I offer the following example to demonstrate my point. Let us assume that the Commonwealth charges an offender with indecent assault under Section 3126(a)(1) of the Crimes Code, 18 Pa. C.S. § 3126(a)(1),[2] stemming from allegations made by Victim 3 that, on or about January 1, 2026, the offender sexually assaulted Victim 3. During a subsequent investigation, the Commonwealth matches the offender's DNA to two, unsolved cases, where Victims 1 and 2 alleged that, on or about January 1, 2024, and January 1, 2025, respectively, an unknown offender sexually assaulted them. Based on the foregoing, the Commonwealth amends the charges against the offender from one count of indecent assault to three counts of indecent assault. The Commonwealth thereafter tries and the jury convicts the offender of three counts of indecent assault in a single prosecution. The offender subsequently claims that Section 9799.14(d)(16) of SORNA is not applicable to him because his convictions arose from a single prosecution, and, thus, he does not have "two or more convictions of offenses listed as Tier I or II sexual offenses." 42 Pa. C.S. § 9799.14(d)(16).

This factual scenario is distinguishable from the present matter, *A.S. II*, and *Lutz-Morrison*.[3] Even though the offender's convictions resulted from a single

---

[2] Indecent assault under Section 3126(a)(1) is a Tier I sexual offense. *See* 42 Pa. C.S. § 9799.14(b)(6).

[3] In *A.S. II* and *Lutz-Morrison*, like the present case, the defendants' convictions, at least arguably, stemmed from a single act of criminal misconduct. In *A.S. II*, the defendant (continued…)

prosecution, his convictions, unlike the present matter, *A.S. II*, and *Lutz-Morrison*, stem from three, independent acts of criminal misconduct—*i.e.*, indecent assault of Victim 1 on January 1, 2024; indecent assault of Victim 2 on January 1, 2025; and indecent assault of Victim 3 on January 1, 2026. Put simply, the Commonwealth's choice to prosecute the offender for these three, independent acts of criminal misconduct in a single prosecution should not be elevated above an offender's criminal conduct. SORNA's recidivist philosophy would in no way be advanced by treating the offender's three, independent acts of criminal misconduct as a single Tier I sexual offense. The offender is no less of a recidivist simply because the Commonwealth pursued the charges against him in a single prosecution.

In sum, while I agree with the Majority that, under the circumstances of the present case, Section 9799.14(d)(16) of SORNA was not triggered—*i.e.*, Michael Dean Osman's convictions for unlawful contact with a minor and indecent assault stemmed, at least arguably, from a single act of criminal misconduct—I do not believe that the Majority's decision today nor the Court's prior decisions in *A.S. II* and *Lutz-Morrison* preclude application of Section 9799.14(d)(16) in circumstances where an offender is convicted in a single prosecution of two or more Tier I or II offenses that stem from two or more independent acts of criminal misconduct.

---

admitted to persuading the minor victim to take and transmit sexually explicit photographs of herself and to taking photographs of the two engaging in consensual sexual acts. *A.S. II*, 143 A.3d at 899. As a result, the defendant pled guilty to single counts of sexual abuse of children and unlawful contact with a minor. *Id*. In *Lutz-Morrison*, detectives seized multiple electronic devices from the defendant's residence and discovered thereon an abundance of child pornography. *Lutz-Morrison*, 143 A.3d at 893. The defendant also admitted to the detectives that he had downloaded child pornography onto his computer. *Id.* As a result, the defendant pled guilty to three counts of possession of child pornography. *Id.* at 893-94.